UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CONKLIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BRIDGET FLADAGER and BRANDON BERTRAM,<br><br>　　　　Defendants. | No.  1: 15-cv-707--- GSA<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL FOR FAILURE TO PROSECUTE** |

**INTRODUCTION**

　　　　Plaintiff, Anthony Conklin, is proceeding pro se in this action.  On June 12, 2015, this Court issued a First Informational Order.  (Doc. 4).  The United States Postal Service ("USPS") returned the Order on June 25, 2015, as "Undeliverable."  A notation on the envelope indicated that the USPS was unable to forward the correspondence.

　　　　Local Rule 183(b) requires that a party appearing in propria persona shall keep the Court and opposing parties advised of his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if the plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court

1

may dismiss the action without prejudice for failure to prosecute. To date, more than 63 days have passed since the mail was returned as undeliverable, and the Plaintiff has failed to provide the Court with a new address. Accordingly, he has failed to prosecute this action.

## DISCUSSION

Local Rule 110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53 54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Carey,* 856 F. 2d at 1440; *Ghazali,* 46 F. 3d at 53; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because there is no indication that the Plaintiff intends to prosecute this action. The third factor, risk of

prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v. Air West,* 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, here no lesser sanction is available because the Court is unable to communicate with the Plaintiff.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for Plaintiff's failure to prosecute this action.

This Findings and Recommendation is submitted to the United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B). Within **fourteen (14)** days after being served with a copy, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F. 3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **September 15, 2015**          **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE

3